IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01435-GPG-TPO

TERRY R. CLARK,

    Plaintiff,

v.

JESSIE WHITE,
Deputy with the Douglas County Sheriff's Office,
KEVIN MOFFITT,
Lieutenant with the Douglas County Sheriff's Office,
RANDI FIELDS, and
MINDY SANCHEZ,

    Defendants.

---

**AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
**(amended as explained at footnote 11)**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This case is before the Court pursuant to an order issued by District Judge Gordon P. Gallagher referring Defendants' Kevin Moffitt[1] and Jessie White[2] ("the Douglas Defendants") Motion to Dismiss [ECF 98] for a Report and Recommendation. *See* ECF 99. Plaintiff filed an opposition to Douglas Defendants' Motion to Dismiss [ECF 110], and these Defendants filed a Reply [ECF 113]. The Douglas Defendants make several arguments in support of dismissal. *See* ECF 98. Of particular significance is the argument that the claims in Plaintiff's Second Amended

---

[1] Referred to as "Lt. Moffet" in the Plaintiff's Second Amended Complaint [ECF 11].

[2] Referred to as "Officer White" in the Plaintiff's Second Amended Complaint [ECF 11].

Complaint (SAC) [ECF 11] are barred by the relevant statute of limitations. In response, Plaintiff concedes that the Complaint was filed after the statute of limitations expired but argues that the statute of limitations has been equitably tolled such that his claims are not time barred. The Court has taken judicial notice of the Court's file and considered the applicable federal and state statutes and relevant case law. The Court finds that oral argument will not materially assist in the Motion's adjudication. For the reasons that follow, the Court respectfully recommends that the Motion to Dismiss be granted with leave to file a Third Amended Complaint.

## **BACKGROUND**[3]

On December 19, 2020, Plaintiff was in custody at the Douglas County Jail in the District of Colorado. *See* ECF 11 at p. 5.[4] At that time, according to his SAC, he was a "fall risk," and suffered from numerous health conditions, including a "frequent loss of balance," "heart, lung, back, and spinal conditions," and "utilized an oxygen delivery system." *See id.* Defendant White was aware of all of these things as Plaintiff had "reminded him" previously. S*ee id.* During the morning count, Defendant White "directed" Plaintiff to walk to the cell door. Plaintiff informed Defendant White that he "could not get up due to my condition," yet Defendant White required him to come to the door or "'he would place [Plaintiff] on lockdown.'" *Id.* at p. 6. Plaintiff followed Defendant White's order, promptly falling and "hitting my head and eye, causing a loss of vision."

---

[3] For purposes of resolving a Rule 12(b)(1) or Rule 12(b)(6) motion, this Court accepts as true all well-pled factual allegations from the SAC and views these allegations in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006); *see also Boulter v. Noble Energy*, 521 F. Supp. 3d 1077, 1082 (D. Colo. 2021) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)).

[4] For numbering purposes, the Court uses the page numbers designated by ECF, not the page numbers in the Second Amended Complaint itself.

*Id.*

According to Plaintiff's SAC, he immediately advised Defendant White of the fall and resulting injury and "made several requests to see medical personnel." *See* ECF 11 at p. 6. In response, Defendant White ignored Plaintiff's complaints and refused to refer him for medical attention. *Id.* Plaintiff also requested to see "a LT [sic]", or a Lieutenant. *See id.* That request also was refused.

That same day, though, Plaintiff spoke with Defendant Randi Fields, who was employed by "either the Douglas County Sheriff's Department or Armor Correctional Health Services." ECF 11 at p. 4. Based on the SAC, little is known about the conversation that occurred as Defendant Fields' job title is not included, nor are the circumstances that led to the two talking that day. However, the Plaintiff does allege that he informed Defendant Fields that he "fell and hit my head and left eye." *Id.* at p. 6. Also on the day of the fall, Plaintiff advised Defendant Fields that he "had a black dot in my eye and it was growing larger and now blocked half of my eyesight in my left eye." *Id.* In response, Defendant Fields informed Plaintiff that he was "'scheduled to see the provider.'" *Id.*

By December 22, 2020, Plaintiff still had not seen any other medical provider about his injury. On that date, Plaintiff saw Defendant Mindy Sanchez, who like Ms. Fields, was employed by "either the Douglas County Sheriff's Department or Armor Correctional Health Services," but her exact role and any care provided by her is unknown. *See* ECF 11 at p. 4. Plaintiff informed Defendant Sanchez that "he was losing vision in my left eye," and "still was experiencing tremendous pain." Defendant Sanchez responded by informing Plaintiff that he was "scheduled for nurse sick call," which did not turn out to be true. *See id.* at pp. 6-7. Plaintiff made several

complaints to Defendant Sanchez, who "brushed me off." *See id.* at p. 7.

On December 24, 2020, Defendant Moffitt escorted Plaintiff to an unnamed "nurse-level staff member," who "finally escorted me to medical." ECF 11 at p. 7. He was told by that individual that he "would recover in a couple of days and that she would notify her supervisor." *Id.*

On December 25 and 26, 2020, Plaintiff informed Defendant Moffitt that he was "losing his vision." ECF 11 at p. 7. Defendant Moffitt ignored Plaintiff's complaints and instructed a nurse to provide Plaintiff with saline drops, which were never provided. *See id.*

On December 30, 2020, ophthalmologist Dr. Jeffrey Jones consulted with Plaintiff. Based on that appointment and a subsequent MRI, it was determined that Plaintiff has "permanent vision loss in my left eye." ECF 11 at p. 7.

Plaintiff, proceeding pro se,[5] filed the original complaint on June 5, 2023, and later amended the complaint two times. *See* ECF 1, 5, 11. In the operative SAC [ECF 11], Plaintiff asserts claims for "intentional [acts] and negligence," as well as claims under the Fifth, Eighth, and Fourteenth Amendments, which he brings under 42 U.S.C. §1983. *See* ECF 11 at pp. 3, 5. Because Plaintiff is not represented by counsel, the Court liberally construes the Plaintiff's claims to fit into two categories - tort claims and constitutional claims - relating to Defendant White's actions toward him and the collective failure of the Defendants to provide proper medical care subsequent to his injury.

Defendant Tony G. Spurlock moved to dismiss [ECF 40] and, following a recommendation

---

[5] On January 26, 2024, at the request of Plaintiff [ECF 47], United States Magistrate Judge Scott T. Varholak appointed counsel to represent Plaintiff. *See* ECF 48. On July 29, 2024, the Clerk of Court advised that it was unable to find a member of the Pro Bono Panel to represent Plaintiff. *See id.*

4

by United States Magistrate Judge Scott T. Varholak, District Judge Gordon P. Gallagher dismissed him with prejudice. *See* ECF 70. Defendant Armor Correctional Health Services, Inc., also was dismissed following a Recommendation by United States Magistrate Judge Susan B. Prose [ECF 14]. *See* ECF 15. As a result, four defendants remain.

Now the Douglas Defendants move to dismiss on multiple grounds. *See* ECF 98. First, they argue that the Plaintiff's claims are time barred. *See id.* at pp. 3-4. Second, they argue that the Plaintiff fails to state a claim. *See id.* at pp. 4-8. Third, they argue that the Douglas Defendants are entitled to qualified immunity. *See id.* at pp. 8-9. Plaintiff responded in opposition. *See* ECF 110. Based on the strong argument raised by the Douglas Defendants on the statute of limitations issue, and the Court's recommendation to dismiss without prejudice, the Court will not reach the latter two issues at this time.

## LEGAL STANDARDS

### I. Fed. R. Civ. P. 12(b)(1)

The Federal courts are ones of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute ... which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim. Instead, it is a determination that the court lacks authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the

5

proceedings in which it becomes apparent that jurisdiction is lacking." *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (internal quotations and citation omitted). Without jurisdiction, the Court cannot even hear the Plaintiff's lawsuit and is under an obligation to dismiss it.

## II.     Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit has interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## **DISCUSSION**

## **I. STATUTE OF LIMITATIONS**

The Douglas Defendants argue that Mr. Clark's claims should be dismissed because this lawsuit was filed after the applicable statute of limitations expired. *See* ECF 98 at p. 3. "Although

6

affirmative defenses must generally be pled in the defendant's answer, not argued on a motion to dismiss ... there are exceptions ... where the facts establishing the affirmative defense are apparent on the face of the complaint." *Serna v. Webster*, 2017 WL 4386359, at *27 (D.N.M. Sept. 30, 2017), *aff'd*, 757 F. App'x 721 (10th Cir. 2018). "The defense of limitations is the affirmative defense that is most likely to be established by the uncontroverted facts in the complaint." *Id.* (citing 5 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, A. Benjamin Spencer, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure: Civil § 1277, at 643 (3d ed. 2016)). Therefore, "[a] statute of limitations defense 'may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Sierra Club v. Oklahoma Gas and Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (*citing Lee v. Rocky Mountain UFCW Unions & Emp'rs Tr. Pension Plan*, 13 F.3d 405, at *1 (10th Cir. 1993)). "If from the complaint, 'the dates on which the pertinent acts occurred are not in dispute, [then] the date a statute of limitations accrues is ... a question of law' suitable for resolution at the motion to dismiss stage." *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022) (quoting *Edwards v. Int'l Union, United Plant Guard Workers of Am.*, 46 F.3d 1047, 1050 (10th Cir. 1995) (citing *Fernandez v. Clean House*, LLC, 883 F.3d 1296, 1299 (10th Cir. 2018)).

The Court determines, as a threshold matter, that there is sufficient information in the SAC for the Court to rule on the Douglas Defendants' Motion to Dismiss under Rule 12(b)(1). In fact, as explained below, with small exception, the parties do not dispute the date of injury, the likely accrual date, and the statute of limitations period.

Plaintiff's constitutional claims are all construed to be brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), which allows a private party to bring suit to enforce federal constitutional

7

rights against certain individuals. "[T]he relevant statute of limitations for a § 1983 claim 'is that which the State [in which the cause of action arose] provides for personal-injury torts.'" *Eden v. Webb*, No. 22-3064, 2022 WL 17576354, at *1 (10th Cir. Dec. 12, 2022) (quoting *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). The same statute of limitations period, Colorado's general two-year term, applies to Plaintiff's tort claims. *See* Colo. Rev. Stat. § 13-80-102(1)(a). As a result, Plaintiff had two years from the injury accrual date to file all of the claims related to the alleged injury and subsequent failure to provide medical care.

While state law governs the length of the limitations period applicable to Section 1983 claims and tolling, the accrual of a Section 1983 claim—when the statute of limitations begins to run—is governed by federal law. *Eden*, 2022 WL 17576354, at *1 (citing *Wallace*, 549 U.S. at 388). Determining an accrual date must "begin[ ] with identifying 'the specific constitutional right' alleged to have been infringed." *Herrera v. City of Espanola*, 32 F.4th 980, 990 n.5 (10th Cir. 2022) (quoting *McDonough v. Smith*, 139 S. Ct. 2149, 2151 (2019)). In general, accrual occurs "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* at 990; *see also Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998).

Here, the parties agree that the claim accrued, at the latest, on December 30, 2020.[6] With a two-year statute of limitations period, the statute of limitations ran on December 30, 2022. Plaintiff

---

[6] The Douglas Defendants agree that the claim accrued, "at the latest," on December 30, 2020. *See* ECF at p. 3. Since the claims relate to the failure to provide medical care, and the Plaintiff claims that his injury was formally diagnosed on December 30, 2020, then that will be the day used by the Court in conducting the statute of limitations analysis. The 11-day difference between the injury and diagnosis is of no significance for purposes of the present Motion to Dismiss.

filed the original complaint [ECF 1] on June 5, 2023—nearly 30 months after the accrual date and more than five months after the statute of limitations ran. Plaintiff concedes that the claims were made after the statute of limitations had elapsed. ECF 110 at p. 3 ("the statute of limitations would have expired on December 30, 2020.").

### A) TOLLING THE STATUTE OF LIMITATIONS

Plaintiff claims, however, that the statute of limitations period was tolled, and his claims are not barred. ECF 110 at p. 3. A plaintiff may counter a defendant's argument for dismissal based on the statute of limitations "with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute," but the Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may be merely argued as part of a motion to dismiss." *Serna*, 2017 WL 4386359, at *27. Therefore, in considering Plaintiff's arguments in response to Defendants' statute of limitations defense, the Court will liberally construe Plaintiff's tolling arguments from both his SAC and his response to the Motion to Dismiss [ECF 110]. *See Brown v. GEO Grp., Inc.*, 2022 WL 20054108, at *4 (D. Colo. Mar. 1, 2022), *report and recommendation adopted*, 2022 WL 20054109 (D. Colo. Aug. 10, 2022) (considering plaintiff's equitable tolling arguments from the response to motion to dismiss and response to show cause order).

Plaintiff bears the burden of proving the statute of limitations should be tolled. *Graham v. Teller County,* 632 Fed. App'x 461, 463 (10th Cir. 2015) (unpublished) (citing *Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850, 855 (Colo. 1992)). If the Plaintiff fails to sufficiently plead facts to establish entitlement to tolling, a district court can properly dismiss the action. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Aldrich v. McCulloch Props., Inc.*,

9

627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)).

1) **Equitable Tolling - Pursuit of Administrative Remedies**

Although not explicitly stated, Plaintiff suggests that the statute of limitations should be tolled because he was pursuing administrative remedies. *See* ECF 110 at pp. 3-4. He states that on March 11, 2022, he made his initial complaint "to the United States Department of Justice's South Central Regional Office of the [Bureau of Prisons]." *Id.* at p. 3. "Over six months later," approximately in September of 2022, he was told to file his claim with the United States Marshal's Service (USMS). He filed his complaint with the USMS and on November 30, 2022, he states that he received word from the USMS that he "should sue defendants in district court" and that he "had six months from the date of that letter" to do so. *Id.* at p. 4. He then filed the complaint with the Combined Courts of Douglas County, which was rejected.[7] *Id.* Only then, "in the summer of 2023," did Plaintiff realize that the proper venue for the lawsuit was the United States District Court, filing the lawsuit shortly thereafter. *Id.* Plaintiff has submitted no documentation to support his claims.

In the Tenth Circuit, "the statute of limitations is not automatically tolled whenever an individual pursues administrative remedies." *Braxton v. Zavaras*, 614 F.3d 1156, 1160 (10th Cir. 2010). Courts "have repeatedly stated that tolling determinations require an examination of the specific facts and circumstances of each case." *Id.* In the context of constitutional violations occurring in prison, plaintiffs are "required to exhaust all available administrative remedies prior to filing this suit in federal court." *Id.* at 1161 (citing 42 U.S.C. §1997e(a)). Even if the

---

[7] The Court accepts as true, for purposes of this analysis, Plaintiff's allegation that he filed his complaint in Colorado state court. The Court adds that it was unable to find a public record of any complaint filed by Plaintiff in Douglas County or elsewhere in Colorado state court between 2020 and today.

administrative exhaustion requirement constitutes an "extraordinary circumstance" preventing a plaintiff from filing suit, "plaintiffs must 'make[ ]good faith efforts to pursue the claims when possible.'" *Id.* at 1162 (citing *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2D 1094, 1097 (Colo. 1996)). The Tenth Circuit declined to toll the statute of limitations in a case involving a Section 1983 claim where a plaintiff had exhausted administrative remedies well in advance of the end of the limitations period and then failed to file a timely complaint. *See id.* at 1162; *see also Rosales v. Ortiz*, 325 Fed. Appx. 695, 699 (10th Cir. 2009) (plaintiff who failed to file a complaint within the six remaining months after completing the internal grievance process did not "diligently pursue his opportunity to file").

Here, Plaintiff delayed the pursuit of any claim relating to his injury until March of 2022, nearly 15 months after the accrual date. He alleges, without providing any evidence in support, he then pursued his claim with the Bureau of Prisons (BOP) and two additional agencies: the United States Marshal Service and the Douglas County Combined Courts. Similar to the Plaintiff in *Braxton* whose inexplicable delay after exhausting administrative remedies failed to provide a reason to toll, Plaintiff's unsupported explanation also fails when he failed to pursue his claim *both before and after* he sought administrative remedies.[8] Plaintiff has presented insufficient evidence to constitute the level of diligence necessary to justify tolling for this reason. Therefore, the statute of limitations is not equitably tolled due to Plaintiff's pursuit of administrative remedies.

---

[8] It is not clear whether Plaintiff's submission of a complaint "to the U.S. Department of Justice's South Central Regional Office of the BOP" constitutes the actual pursuit of administrative remedies. Neither party indicated whether Plaintiff exhausted administrative remedies.

### 2) Other Bases for Equitable Tolling

Next, the Court turns to the Plaintiff's argument that the statute of limitations should be equitably tolled because of his lack of knowledge about the legal system and his lack of access to the law library during the COVID-19 pandemic. *See* ECF 110 at pp. 3-4. State law governs statutory tolling in Section 1983 claims, as long as the result is "not inconsistent with federal law or policy." *Hardin v. Straub*, 490 U.S. 536, 542-43 (1989) (reversing the Sixth Circuit's decision to not apply a state tolling statute). Plaintiff cites to *United States v. Maumau,* 993 F.3d 821, 837 (10th Cir. 2021) for support but that case is not on point.[9] *See id.*

The Colorado Supreme Court has recently noted that "the doctrine of equitable tolling is disfavored." *See Brown v. Walker Com., Inc.*, 521 P.3d 1014, 1021–22 (Colo. 2022). "Colorado recognizes two situations where equitable tolling is applicable: first, 'where the defendant's wrongful conduct prevented the plaintiff from asserting his or her claims in a timely manner' and, second, 'where extraordinary circumstances make it impossible for the plaintiff to file his or her claims within the statutory period.'" *Nolan v. Haley*, No. 21-CV-02424-PAB-MDB, 2023 WL 2401065, at *4 (D. Colo. Mar. 8, 2023) (quoting *Dean Witter,* 911 P.2d at 1096-97), *reconsideration denied*, No. 21-CV-02424-PAB-MDB, 2023 WL 3321387 (D. Colo. May 9, 2023), *appeal filed* (No. 23-1098). As noted by the Douglas Defendants, the Colorado Supreme Court has found "extraordinary circumstances" on extremely rare occasions such as court closures during the Civil War and a plaintiff's internment in Japan during World War II. *See Dean Witter Reynolds*, 911 P.2d at 1097 (internal citations omitted). Under the "extraordinary circumstances"

---

[9] *Maumau* involved a motion for compassionate release under 18 U.S.C. §3582(c)(1) and had nothing to do with equitable tolling of a statute of limitations.

theory, a plaintiff must also allege with specificity the steps that he took to diligently pursue his claims following the exhaustion of his administrative remedies. *See Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008); *Pinson v. Pacheco*, No. 10-cv-01377-REB-MJW, 2011 WL 1755888, at *4 (D. Colo. Mar. 16, 2011). Colorado's disfavor of tolling is in line with federal law. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (equitable tolling should be invoked sparingly); *see also Jackson v. Doe*, 2023 WL 11884918, *3 (D. Colo. 2023) (tolling only occurs in "truly extraordinary circumstances") (citing *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1293 (D. Colo. 2009) (citation omitted)).

Plaintiff's allegations fail to demonstrate the extraordinary circumstances necessary to justify the tolling of the statute of limitations. First, there are no allegations that the Douglas Defendants intentionally prevented Plaintiff from having access to the law library. *See Chrisco v. Raemisch*, No. 17-CV-01036-PAB-MEH, 2018 WL 1517023, at *2 (D. Colo. Mar. 27, 2018); *Escobar,* 668 F. Supp. 2d at 1272 (declining to apply equitable tolling where, "[e]ven if [p]laintiff could show that a deficiency in the prison law library prevented him from filing a timely complaint, [p]laintiff [had] not shown that [d]efendants caused the deficiency or had the ability to cure the deficiency"). "[M]ere limited access to legal resources will not [merit equitable tolling] without a sufficient showing that the lack of access caused the delay in filing." *See Strickland v. Crow*, No. 21-6085, 2022 WL 245521, at *4 (10th Cir. Jan. 27, 2022), *cert. denied*, 142 S. Ct. 2877, 213 L. Ed. 2d 1096 (2022), *reh'g denied*, 143 S. Ct. 48, 213 L. Ed. 2d 1153 (2022); *see also Lamebull v. City & Cnty. of Denver*, No. 22-1009, 2022 WL 2951689, at *2 (10th Cir. July 26, 2022) (equitable tolling not warranted where plaintiff's single request for caselaw from jail staff was denied due to COVID-19 related restrictions). Furthermore, "the COVID-19 pandemic does not automatically

warrant equitable tolling for any movant who seeks it on that basis." *United States v. Tinsman*, No. 21-7024, 2022 WL 3208346, at *3 (10th Cir. 2022).

Even assuming that Plaintiff adequately alleges extraordinary circumstances, he must also demonstrate that he made diligent efforts to pursue his claims after exhausting administrative remedies. *Pinson*, 2011 WL 1755888, at *4. Plaintiff alleges that he made efforts to pursue his claims between March of 2022 and the filing of the Complaint in June of 2023. *See* ECF 110 at pp. 3-4. However, Plaintiff offers no explanation for the failure to pursue his claims during the nearly 15-month period from December 30, 2020, to March of 2022. *See Nolan*, 2023 WL 2401065, at *5; *Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) (declining to apply equitable tolling where prisoner plaintiff alleged limited access to the law library due to the COVID-19 pandemic, but did not show "that he was pursuing his rights diligently throughout the one-year window" available to bring his claim); s*ee also Yang*, 525 F.3d at 930; *Pena-Gonzales v. State*, No. 21-3174, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (no equitable tolling in federal habeas claim where prison lockdowns prevented plaintiff from accessing the law library for the last six months of the one year limitations period, repeated prison transfers prevented plaintiff from receiving notice about his state-court habeas appeal, plaintiff "offer[ed] no factual support for his assertion that prison officials confiscated his legal papers during lockdown," and "allege[d] no specific facts to show the steps he took to diligently pursue his federal claims while those circumstances existed"). Plaintiff therefore fails to assert facts showing due diligence in the pursuit of his claims.

Accordingly, Plaintiff has failed to adequately allege that equitable tolling should be applied to his claims.

### B) DISMISSAL WITHOUT PREJUDICE

Next the Court turns to whether the SAC should be dismissed with or without prejudice. First, the Douglas Defendants do not specifically request that the matter be dismissed with prejudice. *See* ECF 98. Second, although the Court could dismiss the two Defendants from this case with prejudice under Rule 12(b)(1),[10] dismissing a case with prejudice is a significantly harsh remedy, i.e., "the death penalty of pleading punishments." *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). Because Plaintiff is proceeding pro se and has made a number of factual allegations without documentary support that could, hypothetically, constitute equitable tolling of the statute of limitations, the Court recommends giving him one final opportunity to file an amended complaint with all of the relevant information included. This approach was followed in *Sanders v. Corecivic, LLC*, 22-cv-00072-RMR-NRN, 2023 WL 11956530 at *7 (D. Colo. Oct. 25, 2023), *report and recommendation adopted*, 22-cv-00072-RMR-NRN (D. Colo. Nov. 20, 2023), and seems appropriate here. Public policy concerns support this decision:

> there may be facts tolling the running of the statute, such as by equitable estoppel, that do not appear in the complaint, which means that the motion to dismiss might be premature and simply promote unrewarding motion practice or, what is worse, lead to an improvident termination of the action. Under such circumstances, courts should permit the plaintiff to amend the complaint to eliminate the built-in defense if and when the defendant raises the bar of the statute of limitations or simply require the defendant to precipitate a decision on the issue by a summary judgment motion when the facts are not in dispute." *Sanders*, 2023 WL 11956530, *8 n. 4 (quoting 5 Charles Alan Wright et al., Federal Practice & Procedure: Civil § 1277 (4th ed. 2023)).

Considering this will be the Court's first ruling on the statute of limitations issue, allowing this pro se Plaintiff to refile the complaint <u>one last time</u> seems appropriate. As a result, the SAC should be

---

[10] *See Brown*, 2022 WL 20054109; *Jackson v. Doe*, 2023 WL 11884918 (D. Colo. 2023).

dismissed without prejudice.

## II. OTHER BASES FOR DISMISSAL

Based on the Court's ruling regarding the Rule 12(b)(1) dismissal, there is no need to address the Douglas Defendants' remaining claims at this time.

## CONCLUSION

Accordingly, pursuant to Fed. R. Civ. P. 12(b)(1),[11] the Court respectfully RECOMMENDS[12] that:

(1) the Motion Dismiss [ECF 98] be **GRANTED**,

(2) the Second Amended Complaint be **DISMISSED WITHOUT PREJUDICE** as to the Douglas Defendants.

(3) Plaintiff should be **GRANTED LEAVE TO AMEND** his complaint to file a <u>final</u> Complaint (the Third Amended Complaint) laying out each and every relevant factual allegation that Plaintiff wants the Court to consider, including facts that may be relevant to a claim that the

---

[11] This Court amends this Recommendation to change this citation from Rule 41(b) to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

[12] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

statute of limitations should be equitably tolled. The Court recommends that if the District Judge adopts this Court's Recommendation, that Plaintiff be given thirty (30) days after the District Judge's ruling to file what would be his Third Amended Complaint.[13]

SO ORDERED.

DATED at Denver, Colorado, this 27th day of November, 2024.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge

---

[13] As a result, Plaintiff is advised to not file any Amended Complaint until after the District Judge has issued an order on the Motion to Dismiss.