FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 07 2025

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01435-GPG-TPO

TERRY R. CLARK,
Plaintiff,

v.

JESSIE WHITE, Deputy with the Douglas County Sheriff's Office,
KEVIN MOFFITT, Lieutenant with the Douglas County Sheriff's Office,
RANDI FIELDS,
MINDY SANCHEZ,
Defendants.

## THIRD AMENDED COMPLAINT

Plaintiff Terry R. Clark ("Plaintiff"), proceeding pro se, files this Third Amended

Complaint against Defendants Jessie White, Kevin Moffitt, Randi Fields, and

Mindy Sanchez ("Defendants"), and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1331, as

    Plaintiff's claims arise under the Constitution of the United States and 42

    U.S.C. § 1983.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), as the

    events giving rise to these claims occurred in Douglas County, Colorado.

1

**PARTIES**

3. Plaintiff Terry R. Clark (Federal Register No. 45777-013) is a federal inmate currently housed at the Federal Correctional Institution in Florence, Colorado.

4. Defendant Jessie White is a Deputy with the Douglas County Sheriff's Office and is sued in his individual capacity.

5. Defendant Kevin Moffitt is a Lieutenant with the Douglas County Sheriff's Office and is sued in his individual capacity.

6. Defendant Randi Fields was employed by either the Douglas County Sheriff's Office or Armor Correctional Health Services and is sued in her individual capacity.

7. Defendant Mindy Sanchez was employed by either the Douglas County Sheriff's Office or Armor Correctional Health Services and is sued in her individual capacity.

**FACTUAL ALLEGATIONS**

**Background: Plaintiff's Medical Vulnerabilities**

8. On December 19, 2020, Plaintiff was in custody at the Douglas County Jail in Colorado. Plaintiff's medical conditions included heart, lung, back, and

spinal conditions, frequent loss of balance, and reliance on an oxygen delivery system. These conditions were known to jail staff.

9. Plaintiff was classified as a "fall risk" by jail medical staff due to his frequent loss of balance and mobility issues.

**The Incident: December 19, 2020**

10. During the morning count, Defendant White ordered Plaintiff to walk to the cell door despite Plaintiff's protest that he was physically unable to do so due to his medical condition.

11. Plaintiff informed Defendant White that he could not comply with the order without risking injury. In response, Defendant White threatened Plaintiff with disciplinary action, stating, "Come to the door or I will place you on lockdown."

12. Plaintiff attempted to comply with Defendant White's directive. While walking to the door, Plaintiff fell, striking his head and left eye on his property box. The fall resulted in immediate head trauma and a growing black spot in his left eye, which blocked his vision.

13. Plaintiff immediately informed Defendant White of his injuries and requested medical attention. Defendant White ignored Plaintiff's complaints and refused to summon medical staff or escalate Plaintiff's concerns.

**Subsequent Delays in Medical Care**

14. On December 19, 2020, Plaintiff reported his injury to Defendant Randi
Fields, who dismissed his complaints, stating only that Plaintiff was
"scheduled to see the provider." No medical attention was provided that day.

15. On December 22, 2020, Plaintiff's condition had worsened, with increasing
pain and partial blindness in his left eye. Plaintiff reported these
developments to Defendant Mindy Sanchez, who similarly dismissed his
concerns and falsely stated that Plaintiff was "scheduled for nurse sick call."
No treatment was provided.

16. On December 24, 2020, Defendant Moffitt escorted Plaintiff to a nurse who
provided minimal care, claiming that Plaintiff's vision would improve in a
few days. No further action was taken despite Plaintiff's worsening
symptoms.

17. I continued to complain to Defendant Moffit, but every time he ignored my
requests for help, my complaints about pain and suffering, and he precluded
me from participating in the grievance process.

18. Defendant Moffit withheld forms and information from me to pursue my remedies and have my complaints addressed.

19. On December 25 and 26, 2020, Plaintiff informed Defendant Moffitt of his continued pain and vision loss. Defendant Moffitt instructed a nurse to provide saline drops, which were ultimately not administered.

20. Plaintiff was finally seen by an ophthalmologist on December 30, 2020. An MRI confirmed permanent vision loss in Plaintiff's left eye.

**Defendants' Actions and Neglect**

21. Plaintiff's medical records show that from December 19, 2020, through December 30, 2020, Defendants repeatedly ignored Plaintiff's medical grievances and failed to escalate his concerns for timely medical intervention. The medical records document multiple written complaints from Plaintiff regarding his injury and deteriorating condition, including:

- A December 19, 2020, kite where Plaintiff informed medical staff about his fall, vision loss, and need for immediate attention. The response was dismissive, indicating only that he was "scheduled to see the provider."

- A December 22, 2020, grievance noting that Plaintiff's left eye vision was almost entirely blocked by a black spot, causing significant distress.

Despite these alarming symptoms, no meaningful treatment was provided.

- On December 25 and 26, 2020, Plaintiff's repeated grievances and pleas for medical care were met with indifference, as detailed in notes instructing staff to provide ineffective solutions such as saline drops.

22. These delays and the dismissive attitude of Defendants Fields, Sanchez, and Moffitt directly contributed to the worsening of Plaintiff's injury, resulting in permanent blindness in his left eye.

23. Both Defendants White and Moffit knew of my condition and knew that their actions caused me to fall and my injuries. They both continued to delay me receiving care and are directly and proximately responsible for my resulting vision loss and blindness.

24. Both my wife and sister called the jail on numerous occasions asking for updates on my health, my injuries, and the care. Their requests for information and their pleas for help were also ignored by Defendants. Defendants' deliberate indifference is a direct and proximate cause of my injuries and resulting vision loss and permanent blindness.

**Plaintiff's Diligence**

25. Plaintiff pursued administrative remedies within the Bureau of Prisons (BOP) starting on March 11, 2022, when he filed a complaint with the BOP's South Central Regional Office. Plaintiff was subsequently instructed to file claims with the U.S. Marshals Service and the Douglas County Combined Courts, which he did.

26. Plaintiff's claims were delayed due to restricted access to the law library caused by COVID-19 lockdowns, involuntary prison transfers, and limited resources for legal research. Plaintiff diligently pursued his rights despite these challenges, ultimately filing his federal complaint on June 5, 2023.

27. In its decision dismissing without prejudice my second amended complaint, the court acts as though I did nothing to pursue my remedies. Nothing could be further from the truth.

28. Although I did not file a complaint until March 2022 with the Department of Justice, that does not mean that between December 2020 and March 2022 I was not diligently trying to receive care for my eye and when those efforts failed, pursuing my administrative remedies and seeking other relief.

29. The court forgets that during that time, prisons were locked down due to the COVID-19 pandemic. Such was the case for me. I was entirely locked down. I did not have access to the law library, legal resources, or the forms necessary to pursue my claim.

30. I could not receive adequate medical care during that time, let alone receive access to the law library and legal resources.

31. At my institutions where I was incarcerated during this time, the staff was so inadequate that all inmates were kept on various iterations of lockdown and were not given access to the law library, legal resources, or legal forms necessary to pursue our rights. Me included.

32. The COVID-19 lockdown did not simply prevent me from having "mere access to legal resources." Instead, it caused a complete and total stop to my efforts. My numerous requests to staff for access to the law library, to forms, and to legal precedent were flatly refused. I was told that those efforts could not be accommodated during the COVID-19 pandemic and I would have to pursue those rights as the lockdowns were lifted.

33. In my prison setting, those lockdowns only started to be lifted in early 2022. I immediately set about exercising my administrative remedy rights and pursuing remedies for the negligence of the Defendants' and the resulting vision loss and damages I suffered.

34. I did so by first filing a Claim for Damage, Injury or Death with the Department of Justice on March 11, 2022. The Department of Justice did not respond to that complaint for nearly 60 days. When they finally did respond, I was given incorrect information.

35. The Department of Justice instructed me to file a Complaint with a different entity. That entity took over 6 months to respond. And, the response was again misinformation. The DOJ BOP regional office told me I needed to pursue this claim with the US Marshal's Service.

36. Had the DOJ given me the correct response and information, I would have pursued this case in U.S. District Court well within the timeframe.

37. Once I received the October 25, 2022 response directing me to file my claim with the U.S. Marshal's Service, I did so immediately

38. On November 30, 2022, I finally received a response from the U.S. Marshals Service. There, I was directed to file a case with the court.

39. I filed that case on January 3, 2023 in the Combined Courts of Douglas County, Colorado.

40. I then learned that the case needed to be filed with the U.S. District Court. I did so in June 2023.

41. It can hardly be said I did not exhaustively, diligently, and frantically pursue every avenue available to me to pursue this case. It's not like I slept on my rights for the entire time and then only at the last minute decided to pursue this. I tried, and tried, and tried to get help, to get a response, and to contact the proper agencies and pursue my rights and remedies in the proper forum.

42. I did not create the COVID-19 pandemic. Moreover, I did not create the horrific confinement conditions that inmates had to endure during that time. The BOP failed to properly staff and provide for inmates during that time, and as a result, I was denied access to the law libraries, legal resources, and forms necessary to pursue my complaints.

43. Once I did have access, I was thwarted and provided misinformation at every step. The government took months and months to respond to my claims. Had they responded more timely, I could have moved forward in a more timely manner.

44. It's hardly equitable for the government to create the conditions that led to my inability to pursue my claims and then hide behind a statute of limitations argument.

45. In light of the inequality of such conduct, and my exhaustive efforts to pursue my claim, the court ought to allow my TAC to move forward and my claims against the defendants to be litigated on their merits.

## CLAIMS FOR RELIEF

### Claim One: Deliberate Indifference to Serious Medical Needs (Eighth Amendment)

46. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

47. Defendants' actions and omissions, including ignoring Plaintiff's medical complaints and delaying necessary care, constitute deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

48. Specifically, Defendants' ignored my conditions, denied my pleas for help, delayed help and treatment, and were directly and proximately responsible for my injuries, damages and resulting permanent vision loss.

**Claim Two: Negligence**

49. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

50. Defendants owed Plaintiff a duty of care to ensure his safety and provide adequate medical treatment. Their breach of this duty directly caused Plaintiff's injury and subsequent permanent vision loss.

51. Specifically, Defendants' ignored my conditions, denied my pleas for help, delayed help and treatment, and were directly and proximately responsible for my injuries, damages and resulting permanent vision loss.

**Claim Three: Violations of Due Process and Equal Protection (Fifth and Fourteenth Amendments)**

52. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

53. Defendants' deliberate disregard for Plaintiff's health and safety violated his due process and equal protection rights.

54. Specifically, Defendants' ignored my conditions, denied my pleas for help, delayed help and treatment, and were directly and proximately responsible for my injuries, damages and resulting permanent vision loss.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment in his favor and against Defendants.

2. Award compensatory damages in an amount to be determined at trial.

3. Award punitive damages to deter similar conduct.

4. Grant such other and further relief as the Court deems just and proper.

DATED this 27th Day of January, 2025.

Respectfully submitted,

Terry R. Clark
Plaintiff, Pro Se
Federal Register No. 45777-013
Florence Federal Correctional Institution
P.O. Box 6000
Florence, CO 81226

## CERTIFICATE OF SERVICE

I, Terry R. Clark, Certify that a true and correct copy of the foregoing Third Amended Complaint was filed with the Clerk of Court for the U.S. District Court for the District of Colorado by placing the same in the prison mail system with postage prepaid on January 27, 2025.

Terry R. Clark, pro se

# State of Colorado

## 18ᵗʰ Judicial District

### Arapahoe, Douglas, Elbert & Lincoln Counties

ANDREA K. TRUETT

CLERK OF COURT

720 437 6200

DOUGLAS COMBINED COURTS
4000 JUSTICE WAY SUITE 2009
CASTLE ROCK CO 80109

ELBERT COMBINED COURTS
PO BOX 232 751 UTE AVENUE
KIOWA CO 80117
303-621-2131

Date:   12/21/2022

To:   Terry Clark #45777013

Federal Medical Center

PO BOX 15330

Fort Worth TX  76119

---

Re: Document required for filing      Case No.      (If applicable)

---

(PLEASE NOTE:    Return copy of this notice with your check)

---

Your document was received in the Douglas County Combined Court.

☐   Filing Fee is required in the amount of $
☐   Signature Missing on Check
☐   Written amount and numerical amount on check do not match
☐   No case found in this court, and documents are returned to you.
☐         Douglas Courts do not accept temporary checks.  Checks must be made payable to Clerk of Court.
☐         Due to the fact there is a hold on your driver's license, payment must be made with certified funds;
            i.e., money order, cashier's check if paid by mail.  If you pay in person, you may pay with either
            money order, cashier's check, cash, or Visa or MasterCard.
☐   No Out of State Checks accepted
☐   Check being returned – garnishment paid in full by defendant. Garnishment is considered released.
☒   Other   Please complete the enclosed Inmate Motion and resubmit your paperwork with the Motion.

Thank you,

*Karen*

Deputy Clerk

---

✓   The original plus one copy of every document is to be filed in both county and district court.  Copies are forwarded
      to the respective judge.
✓   Every pleading must include the case number and division assignment – indicating the same on all checks.  Failure
      to do so can result in a delay of processing your paperwork.
✓   Orders require the inclusion of a self-addressed, stamped envelope.
✓   If you desire a copy returned to you, please provide those, along with a self-addressed, stamped envelope.
✓   It is your responsibility to provide a copy of pleadings to other parties involved in your case.
✓   Except in a very few instances, documents filed are public record.

HOURS OF OPERATION:   MONDAY THROUGH FRIDAY, EXCEPT LEGAL HOLIDAYS – 7:30 AM to 4:30 PM.

ADDRESS:

DOUGLAS COUNTY COMBINED COURT

4000 JUSTICE WAY,  STE 2009

CASTLE ROCK, COLORADO  80109

7018 0680 0000 7192 4081

*mailed 12/28/2022*

☐County Court ☒District Court ☐Denver Juvenile Court ☐Denver Probate Court

__Douglas__ County, Colorado

Court Address:
Douglas Combined Courts
4000 Justice Way Suite 2009 Castle Rock CB 80109

Plaintiff/Petitioner: Terry Clark

v. Tony G. Spurlock, Officer White of Douglas County Sheriff
Defendant/Co-Petitioner/Respondent: Independent Health Contractor

▲ ▲ **COURT USE ONLY**

Attorney or Party Without Attorney (Name and Address):
Terry Ray Clark (45777 013)
Federal Medical Center, Fort Worth, TX 76119
Phone Number:            E-mail:
FAX Number:            Atty. Reg. #:

Case Number:

Division    Courtroom

## INMATE MOTION REQUESTING TO:
## FILE WITHOUT PREPAYMENT OF FILING/SERVICE FEES PURSUANT TO §13-17.5-103, C.R.S

### Information to Applicant

Any inmate who is allowed to proceed in a civil action as a poor person shall be required to pay the full amount of the filing fee and service of process fees previously paid by the Court as follows:
◆ The Court will require an initial partial payment if the inmate has ten dollars or more in his/her account.
◆ The Court will require continuous monthly payments equal to 20% of the preceding month's deposit in the inmate account until the filing fee and service of process fees are paid in full.

I, __Terry Ray Clark (45777 013)__ respectfully move the Court for an order to proceed without a prepayment of the following filing fees: ☒complaint ☐petition ☐answer ☐response ☐motion to modify ☐service fees ☐other: _____ as grounds that I do not have adequate funds available in my inmate account and have a meritorious claim.

### *All items must be fully completed.  Print or type neatly.*

1. **Information about the Applicant:**
   Name: Terry Ray Clark        Inmate/DOC #: __45777 013__
   Name of Facility: Ft. Worth Federal Medical Center
   Address: P.O. Box 15330
   City: Fort Worth        State: TX        Zip Code: 76119

2. **Amount of funds currently held in Inmate Account:**
   Balance is $ 322.00 as of 12/12/2022 (date).
   ☒Attached is a copy of my inmate account for six-months preceding the filing of this Motion.    **This copy must be certified by an appropriate official at the detention facility.**
   ☒ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.
   ☐ By checking this box, I am acknowledging that I have made a change to the original content of this form.

**I swear under penalty of perjury that all information provided is true and complete.**

Date: 12-27-2022

Signature of Applicant

JDF 201  R04/18    INMATE MOTION REQUESTING TO FILE WITHOUT PREPAYMENT OF FILING/SERVICE FEES

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

TERRY R. CLARK _____, Plaintiff,

v.

TONY G. SPURLOCK _____

OFFICER WHITE _____

ARMOR CORRECTIONAL HEALTH SERVICES, INC. ____, Defendant(s).

_____

## PRISONER'S MOTION AND AFFIDAVIT
## FOR LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915

_____

I request leave to commence this civil action without prepayment of fees or security

therefor pursuant to 28 U.S.C. § 1915. In support of my request, I declare that:

1.   I am unable to pay such fees or give security therefor.

2.   I am entitled to redress.

3.   The nature of this action is:

Civil Rights Complaint pursuant to 42 U.S.C. § 1983

_____

(Rev. 10/01/12)

All medical services are managed and provided through the Independent Health Contractor's private company and no treatment or care happens without their approval.

From the first day of the eye injury, Michelle Clark and Tan Mason kept in daily contact with the Douglas County Sheriff's Dept and the head supervisor of the Contracted Medical Provider

After numerous delays, requests and grievances, on 12/24/20, Lt Moffett escorted me to the medical department, where a nurse level staff member advised I would recover in a couple days and that she would notify her Independent Health supervisor.

Folowing numerous grievances, a 12/30/20 Opthamology consultation with Jeffrey Jones, MD, with Visionaire Eye Consultants transpired. The MRI and evaluation displayed permanent vision loss in my left eye

### SUMMARY

Having knowledge of my fall risks and numerous medical complexities, Officer White and Sheriff Spurlock were deliberately indifferent to my health, safety and security, violating my constitutional rights. Due to Commands of officer.

The Independent Health Contractor's were deliberately indifferent to the serious nature of their patient's fall and resulting physical damage, resulting in delayed treatment and assessments, until the vision loss became permanent. lack of medical care.

### CONCLUSION

I requesting this Honorable Court order monetary compensation for the physical, mental and emotional damages. and other damages to the Courts Discretion.

Respectfully submitted this 12th day of December, 2022.

Terry R. Clark, 45777-013

## CERTIFICATE OF COMPLIANCE

I, Terry R. Clark, certify that a true and correct copy was mailed utilizing the institutional mail system with postage and Certified Mail fees prepaid and properly addressed on this 12th day of December, 2022. Certified-7018 0680 0000 7192 4074

Respectfully,

Terry R. Clark
45777-013
Federal Medical Center
P. O. Box 15330
Fort Worth, TX 76119

# AUTHORIZATION

I, __Terry R. Clark_____, request and authorize the agency holding me in custody to calculate and disburse funds from my inmate trust fund account or institutional equivalent in the amounts specified by 28 U.S.C. § 1915(b). This authorization is furnished in connection with this civil action and I understand that the total filing fee of $350.00 is due and will be paid from my inmate trust fund account or institutional equivalent regardless of the outcome of this case.

Prisoner Name (please print): __Terry R. Clark_____

Prisoner Signature: _____

4.  My assets and their value are listed below:  (attach an additional page if necessary)

(Assets may include income from employment, rent payments, interest or dividends, pensions, annuities, life insurance payments, Social Security, Veteran's Administration benefits, disability pensions, Worker's Compensation, unemployment benefits, gifts or inheritances, cash, funds in bank accounts, real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing), or any other source of income.)

I am incarcerated as a federal prisoner. I do not have any assets.

_____

5.  Are you in imminent danger of serious physical injury?

___ Yes  X  No  (CHECK ONE).  If you answered yes, briefly explain your answer:

_____

_____

6.  I have attached to this motion a signed authorization directing my custodian to calculate and disburse funds from my inmate trust fund account or institutional equivalent to pay the required filing fee.

7.  I have attached to this motion a certificate from the appropriate official at each penal institution in which I have been confined during the six-month period immediately preceding the filing of this action and a certified copy of my inmate trust fund account statement for the same six-month period.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that the information in this motion and affidavit is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on  _12-12-22_____
                    (Date)

_____
(Prisoner's Original Signature)

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
for the

Terry R. Clark
_____ )
Plaintiff/Petitioner )
v. )          Civil Action No.
Tony G. Spurlock, Officer White, Independent )
Health Contractor for Douglas County Sheriff )
Defendant/Respondent )

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
(Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: Ft. Worth Federal Medical Center                          .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:

My gross pay or wages are: $  0        , and my take-home pay or wages are: $   0            per

(specify pay period)  _____.

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

(a) Business, profession, or other self-employment     ☐ Yes          ☐ No
(b) Rent payments, interest, or dividends              ☐ Yes          ☐ No
(c) Pension, annuity, or life insurance payments       ☐ Yes          ☐ No
(d) Disability, or worker's compensation payments      ☐ Yes          ☐ No
(e) Gifts, or inheritances                             ☐ Yes          ☐ No
(f) Any other sources                                  ☐ Yes          ☐ No

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account:  $ 0

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:  0

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:  0

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:  0

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:  0

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: 12-12-2022

_____
Applicant's signature

Terry R Clark
_____
Printed name

Date: 12/11/2022                                                                    Location: FTW
Time:  09:05:15 AM

## Federal Bureau of Prisons
### TRULINCS Account Transactions - Commissary
### Personal Inmate Information

| Inmate No: 45777013 | Inmate Name: CLARK, TERRY RAY | | Available Balance: $322.00 |
|---|---|---|---|

| Date | Reference # | Transaction Type | Sender Last name | Amount |
|---|---|---|---|---|
| 12/09/2022 | TL1209 | TRUL Withdrawal | | -$15.00 |
| 12/06/2022 | 22 | Sales | | -$109.65 |
| 11/18/2022 | 7 | Sales | | -$24.00 |
| 11/18/2022 | 6 | Sales | | -$24.85 |
| 11/17/2022 | YJV0002-V | Photo Copies | | $26.00 |

Date:   12/11/2022
Time:   09:16:07 AM

Location: FTW

## Federal Bureau of Prisons
## TRULINCS Account Transactions - Commissary
## Personal Inmate Information

**Inmate No: 45777013   Inmate Name: CLARK, TERRY RAY**      **Available Balance: $322.00**

| Date | Reference # | Transaction Type | Sender Last name | Amount |
|------|-------------|------------------|------------------|--------|
| 11/07/2022 | 15 | Sales | | -$189.85 |
| 10/25/2022 | YJV0002 | Photo Copies | | -$26.00 |
| 10/25/2022 | YJV0002 | Photo Copies | | -$26.00 |
| 10/25/2022 | YJV0002 | Photo Copies | | -$8.32 |
| 10/25/2022 | 20 | Sales | | -$190.65 |
| 10/12/2022 | 16 | Sales | | -$183.10 |

Inmate #: 45777013

Date: 12/11/2022
Time: 09:19:23 AM

Location: FTW

## Federal Bureau of Prisons
## TRULINCS Account Transactions - Commissary
## Personal Inmate Information

**Inmate No: 45777013**  **Inmate Name: CLARK, TERRY RAY**    **Available Balance: $322.00**

| Date | Reference # | Transaction Type | Sender Last name | Amount |
|------|-------------|------------------|------------------|--------|
| 06/28/2022 | 4 | Sales | | -$139.40 |
| 06/13/2022 | 28 | Sales | | $5.50 |
| 06/13/2022 | 27 | Sales | | -$5.50 |
| 06/13/2022 | 1 | Sales | | -$189.55 |
| 06/09/2022 | XIPP0522 | Payroll - IPP | | $63.94 |
| 06/02/2022 | TL0602 | TRUL Withdrawal | | -$15.00 |
| 06/01/2022 | 49 | Sales | | -$13.50 |

Inmate #: 45777013



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

---

*Washington, DC 20530-0001*

**NOV 3 0 2022**

**CERTIFIED MAIL #**        7012 1010 0001 4443 8866

Terry Clark, Reg. #45777-013
Federal Medical Center Ft. Worth
P.O. Box 15330
Ft. Worth, TX 76119

### Re: Administrative Tort Claim OGC #53812

Dear Mr. Clark:

This responds to the above-referenced administrative tort claim referred by the South Central Regional Office of the Federal Bureau of Prisons and received by the United States Marshals Service (USMS) on November 3, 2022, in the amount of $████████. You claim ██████████████████████████████ you suffered injury to your eye due to commands of the Correctional Officers and lack of medical care while being housed at the Douglas County Jail in Colorado Springs, Colorado.

The applicable provisions of the Federal Tort Claims Act [28 U.S.C. §§ 1346(b), 2401(b), 2671, et seq.] provide for the payment of claims which arise from the negligent or wrongful act or omission of an employee of the Federal Government while acting within the scope of his or her employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Our review of the circumstances and the applicable law revealed no negligence on behalf of any USMS employee. Your allegations arise from the conditions of confinement while housed at a contract facility. The USMS entered into an intergovernmental agreement with Douglas County, Colorado Springs, Colorado, to temporarily house federal detainees. In this regard, the daily safekeeping responsibility for federal prisoners housed at a local contract jail rests with the jail. The independent contractor is the appropriate party to whom you should address your claim for damage allegedly caused by its employee. The United States is not liable under the Federal Tort Claims Act for acts or omissions of independent contractors. See 28 U.S.C. § 2671 and Logue v. United States, 412 U.S. 521 (1973).

Accordingly, your administrative tort claim against the United States in the amount of $▓▓▓▓▓▓▓ is denied. If you are dissatisfied with our determination, suit may be filed in the appropriate U.S. District Court no later than six months after the date of the mailing of this denial. See 28 U.S.C. § 2401(b).

Sincerely,

**Lisa M. Dickinson**
General Counsel



**U.S. Department of Justice**
Federal Bureau of Prisons
South Central Regional Office

*U. S. Armed Forces Reserve Complex*
*344 Marine Forces Drive*
*Grand Praire, TX 75051*

MAY 0 6 2022

Terry Clark
Register Number 45777-013
Fort Worth FMC
P. O. Box 15330
Fort Worth, Texas 76119



Re:    Administrative Tort Claim – TRT-SCR-2022-04281

Mr. Clark:

This acknowledges our receipt of your claim, filed pursuant to the Federal Tort Claims Acts.  The
Federal Bureau of Prisons deemed your claim received for processing on April 14, 2022.

Claims processed pursuant to the Federal Tort Claims act normally receive a response within six
months.  Accordingly, you may expect a response from this office on or before October 13, 2022.

Please note it is your responsibility to keep us updated with your correct address.

Sincerely,

Jason A. Sickler
Regional Counsel

JAS/mdm

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit To Appropriate Federal Agency:**
Regional Director - Bureau of Prisons
South Central Regional Office
U.S. Armed Forces Reserve Complex
344 Marine Forces Drive
Grand Prairie, Texas 75051

**2. Name, Address of claimant and claimant's personal representative, if any.** *(See instructions on reverse.) (Number, street, city, State and Zip Code)*
Terry Clark  B.O.P. Reg# 45877-013
Federal Medical Center - FTW  P.O. Box 15330
Fort Worth, Texas 76119

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☑ CIVILIAN | 4. DATE OF BIRTH March 26th 1962 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT Approximately Oct. 30 - Nov. 1st | 7. TIME (A.M. or P.M.) 6:30 AM |
|---|---|---|---|---|

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)* I was in my cell at the Douglas County Jail (Federal Holding). This facility is leased to the Bureau of Prisons to hold Inmates who are awaiting Trial or Transfer. At this facility, the Medical Services are provided by a Private Company (Name Unknown) by Douglas County. On the day of the accident, the Jail was conducting a "Count". I could not get out of my bed because of illness and lack of balance. The Deputy threatened me that if I didn't stand up and come to the door, he would put me in the SHU. Therefore, I attempted to comply and as I got up, I fell against a foot-locker and hit my eye on the corner of the locker and caused severe damage. The Deputy then just laughed at me and walked off, never to help me. No one else at the Jail would help me, yet after almost eight weeks of me complaining about my eye and the damage, they finally took me to an Eye Doctor. He told me I had a floater, with over 80% of my field of vision blocked & and that it was permanent damage. He also told me he could have saved it, had I only came in within a day or two of the injury.

**9. PROPERTY DAMAGE**
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

**10. PERSONAL INJURY/WRONGFUL DEATH**
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, and Zip Code) |
|---|---|
| | |

**12.** *(See instructions on reverse)* **AMOUNT OF CLAIM** *(In dollars)*

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY $5,000,000°° | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $5,000,000°° |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM March 11th, 2022 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.
Designed using Perform Pro, WHS/DIOR, Jun 98

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS
### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC  20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ■ No

No insurance is carried be Inmates personally — I was in the Douglas County Detention Center in Castle Rock, Colorado.

**16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?**

No — No claim has been filed

**17. If deductible, state amount**

Not Applicable

**18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?** *(It is necessary that you ascertain these facts)*

Not Applicable

**19. Do you carry public liability and property damage insurance?** ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* ■ No

Not Applicable

SF 95 (Rev. 7-85) BACK

Terry R. Clark
#45777 013
Florence Federal Camp
P.O. Box 6000
Florence CO 81226

Office of the Clerk
United States District Court
901-19th St. Room A105
Denver, CO 80294

Legal Mail

FEDERAL PRISON CAMP
P.O. BOX 5000
FLORENCE, COLORADO 81226

DATE: FEB 0 4 2025

"SPECIAL/LEGAL MAIL"

This enclosed letter was processed through special mailing
procedures for forwarding to you. The letter has neither
been opened nor inspected. If the writer raises a question
or problem over which this facility has jurisdiction, you may
to return the material for further information or clarification.
If the writer encloses correspondence for forwarding to another
addressee, please return the enclosed to the above address

Legal Mail